996 F.2d 1217
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andre SCOTT, Plaintiff-Appellant,
v.
TRIG, INC., Defendant-Appellee.
 No. 92-6408.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Andre Scott, a pro se litigant, appeals from a district court grant of summary judgment in favor of defendant on Scott's employment discrimination complaint filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott, a black male, alleged that he was unlawfully discharged because of his race. He also alleged that other comparable non-protected employees were treated better than he was. Defendant moved for summary judgment arguing that Scott had failed to establish a prima facie case of discrimination and that, even if such a case was established, Scott was discharged for a legitimate, non-discriminatory reason. Scott filed no response. The district court determined that Scott had "presented absolutely no evidence which would permit a finder of fact to conclude that racial discrimination led to his discharge."
 
 
 3
 On appeal, Scott argues that the district court failed to take into account the fact that there are no blacks in defendant's upper level management positions and that defendant employs no black supervisors. Moreover, Scott argues that he was not guilty of an infraction of defendant's work rules and that a white male had not been discharged after an infraction of defendant's work rules.
 
 
 4
 A review of a grant of summary judgment is de novo. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Summary judgment is proper where the moving party shows that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Where a party moves for summary judgment and supports that motion with proper affidavits, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). If the adverse party fails to "so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.
 
 
 5
 In a Title VII case of alleged discriminatory discharge, the burden is on the plaintiff to establish a prima facie case of discrimination. Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992). Outside of Scott's unsworn allegations, there is nothing within the record that would create a genuine issue of material fact. Scott's failure to support his allegations with an appropriate response to defendant's motion for summary judgment resulted in a failure to create a genuine issue of material fact. See Canton Police Benevolent Ass'n v. United States, 844 F.2d 1231, 1235 (6th Cir.1988). Specifically, Scott wholly failed to establish a prima facie case of discrimination.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.